## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:14-cv-3015

RAMONA WHITE,

       Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES LLC and DANIEL WILLIAMS,

       Defendants.

## COMPLAINT

### INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Ramona White ("**Plaintiff**"), an individual consumer, against Defendants Portfolio Recovery Associates LLC (the "**Debt Collector**") and Daniel Williams (the **"Server"**) (collectively, the **"Defendants"**) for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "**FDCPA**"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that the Defendants transact business in this District and the conduct complained of occurred in this District.

## PARTIES

4. Ms. White is an individual and resides in the County of El Paso, State of Colorado.

5. Ms. White is a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

6. The Debt Collector is a Delaware limited liability company.

7. The Debt Collector has a principal place of business at 120 Corporate Blvd., Norfolk, Virginia 23502.

8. The principal purpose of the Debt Collector in this state is the collection of debts.

9. The Debt Collector regularly attempts to collect debts from consumers alleged to be due another.

10. The Debt Collector is engaged in the collection of debts from consumers using the mail and telephone.

11. The Debt Collector operates as a collection agency and is a "debt collector", as that term is defined by 15 U.S.C. § 1692a(6).

12. The Debt Collector is licensed as a collection agency with the State of Colorado.

13. The Server is an individual.

14. The Server is a debt collector as that term is defined in 15 U.S.C. § 1692a(6).

15. The Server has a principal place of business at 7741 Pitcher Point, Fountain, Colorado 80817.

16. The Server is regularly engaged in the business of indirectly collecting consumer debts and assisting other debt collectors to file and maintain civil debt collection lawsuits and to obtain default judgments in those cases by utilizing the U.S. Mail, telephone, and internet.

17. The Server is not subject to the exception of 15 U.S.C. § 1692a(6)(D).

## FACTS

18. Plaintiff incurred a financial obligation that was primarily for personal, family, or household purposes (the "**Debt**").

19. The Debt was assigned or assigned for collection by the original creditor to the Debt Collector for collection after the Debt was in default.

20. The Debt is a "debt", as that term is defined by 15 U.S.C. § 1692a(5).

21. Plaintiff disputes the Debt.

22. On or about August 24, 2014, the Debt Collector sent the Server to serve the complaint on Plaintiff.

23. On or about September 5, 2014, the Debt Collector filed a lawsuit in El Paso County Court against the Plaintiff to collect the Debt (the **"County Court Case"**).

24. On or about August 24, 2014, the Server arrived at the Plaintiff's residence.

25. The Plaintiff's son, Steven Lee White, Jr., (**"Mr. White"**) answered the door.

26. The Server gave Mr. White the Summons and Complaint.

27. The Server then told Mr. White that if Plaintiff did not show up to court and pay the Debt, the Debt Collector would take Plaintiff's personal property.

28. On or about October 7, 2014, Plaintiff called the Debt Collector (the **"Phone Call"**).

29. During the Phone Call, Plaintiff asked the Debt Collector if she could dispute the Debt.

30. The Debt Collector told her that she had to dispute the Debt in writing.

31. The statement in paragraph 30 is false.

32. The statement in paragraph 30 is misleading.

33. During the Phone Call, Plaintiff asked the Debt Collector how she could get the Debt off of her credit report.

34. The Debt Collector told the Plaintiff that the only way to get the Debt off her credit report was to pay the Debt in full.

35. The statement in paragraph 34 is false.

36. The statement in paragraph 34 is misleading.

37. On or about October 23, 2014, the Debt Collector sent Plaintiff a letter (the **"Letter"**).

38. In the Letter, the Debt Collector states, "[i]f you wish to dispute this account, please send written documentation describing the nature of your dispute and any information or materials that may be helpful to our investigation so this dispute may be investigated in a timely manner."

39. The Letter misrepresents a Plaintiff's right to dispute a Debt under the FDCPA.

40. The least sophisticated consumer would be misled by the statements in the Letter.

## Respondeat Superior Liability

41. Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

42. The acts and omissions complained of herein were committed by an agent employed by the Debt Collector.

43. The acts and omissions of the agent complained of herein were within the scope, time, and space limitations of the agency relationship.

44. The acts and omissions by the agent were incidental to, or of the same general nature as, the responsibilities the agent was authorized to perform by the Debt Collector in collecting debts.

45. By committing these acts and omissions against Plaintiff, the agent was motivated to benefit his or her principal, the Debt Collector.

46. The Debt Collector is liable to Plaintiff through the doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its agent in its attempts to collect a debt from Plaintiff.

## COUNT I
### (Violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*)

47. Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

48. 15 U.S.C. § 1692c(b) prohibits a debt collector, without prior consent of the consumer, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate post judgment remedy, from communicating with any person other than the consumer, his attorney, a consumer reporting agency, the creditor, or the attorney of the creditor, or the attorney of the debt collector.

49. Among other things, the Defendant's violated 15 U.S.C. § 1692c(b), by communicating with Mr. White, regarding the Debt.

50. 15 U.S.C. § 1692e prohibits a Debt Collector from using false, deceptive or misleading, representation or means in connection with the collection of any Debt.

51. The Debt Collector violated 15 U.S.C. § 1692e by:

    A. representing that Plaintiff could only dispute the Debt in writing; and

    B. representing in the Call that Plaintiff could only remove the Debt from her credit report by paying the Debt in full.

52. 15 U.S.C. § 1692e(8) prohibits a debt collector from communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including failure to communicate that a disputed debt is disputed.

53. Among other things the Debt Collector violated 15 U.S.C. § 1692e(8) by communicating or threatening to communicate false credit information to one or more credit reporting bureaus, including Experian, Equifax, and Transunion.

54. 15 U.S.C. § 1692d prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

55. Among other things, the Server violated 15 U.S.C. § 1692d by telling the Plaintiff's son that if they did not show up to court, the Debt Collector would seize Plaintiff's personal property.

56. 15 U.S.C. § 1692f prohibits a debt collector from using unfair or unconscionable means to collect any debt.

57. The Defendants violated 15 U.S.C. § 1692f by:

   A.   telling Mr. White that if Plaintiff did not come to court, the Debt Collector would seize Plaintiff's personal property;

   B.   telling the Plaintiff that the only way to remove the Debt from her credit report was pay the debt in full;

   C.   telling the Plaintiff that the only way to dispute the Debt was to do so in writing; and

   D.   sending a Letter that misrepresented Plaintiff's right to dispute the Debt.

58. The foregoing acts and omissions of the Defendant's constitute numerous and multiple violations of the FDCPA.

59. Ms. White has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

60. As a direct consequence of the Defendant's acts, practices, and conduct, Ms. White has suffered, and continues to suffer, from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

61. Ms. White is entitled to damages in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Ramona White prays for relief and judgment, as follows:

1. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

2. Awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k;

3. Awarding Plaintiff reasonable attorney fees and costs incurred in this action;

4. Awarding Plaintiff pre-judgment and post-judgment interest as may be allowed under the law; and

5. Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

Plaintiff Ramona White is entitled to and hereby demands a trial by jury.

Dated: November 6, 2014

Respectfully submitted,

/s/ Ahson B. Wali
Daniel J. Vedra
Ahson B. Wali
Vedra Wali LLC
1435 Larimer St. Suite 302
Denver, CO 80202
Phone: (303) 937-6540
Fax: (303) 937-6547
Email: daniel.vedra@vwfirm.com
　　　ahson.wali@vwfirm.com

7